HERMAN S. AND ANNE GLAZER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Glazer v. Commissioner
Docket No. 8107-79.
United States Tax Court
T.C. Memo 1980-337; 1980 Tax Ct. Memo LEXIS 250; 40 T.C.M. (CCH) 1065; T.C.M. (RIA) 80337; August 26, 1980, Filed Barbara Anne Brown, for the petitioners. Louis T. Conti, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $1,209 in the petitioners' Federal income tax for 1975 and an addition to tax of $64.30 under section 6653(a). [1] At issue are (1) whether the petitioner Herman S. Glazer is entitled to a deduction under section 165(d) for wagering losses sustained in 1975 to the extent of his unreported gambling winnings, and (2) whether *251 the petitioner is liable for an addition to tax under section 6653(a) for his failure to report his gambling witnnings on his joint Federal income tax return for 1975 and for his failure to maintain adequate records of gambling income and losses. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Herman S. Glazer (petitioner) and Anne Glazer were married and living together as husband and wife in 1975. They are now separated. At the time they filed their petition herein Anne Glazer resided in Southampton, Pennsylvania, and the petitioner resided in Philadelphia, Pennsylvania. They filed their joint Federal income tax return for 1975 with the Internal Revenue Service Center, Philadelphia, Pennsylvania. Petitioner was a compulsive gambler. From 1973 to 1975, he attended the race track almost every day. In 1975, when his gambling activities reached their peak, he bet every race on the program and, *252 whenever his financial position permitted, he bet a minimum of $200 on each race. In order to raise the money to support his gambling habit, petitioner borrowed from relatives and against his life insurance policy, wrote several bad checks, and siphoned money away from what had been a profitable business he had purchased from his brother-in-law four years previously. He also utilized the excellent credit reputation his brother-in-law had established for the business by borrowing against the company name. By the end of 1975 petitioner's gambling excesses caught up with him. His once prosperous business was deteriorating because of his misuse of its funds, and he was forced to sell it for a fraction of what he paid for it. The race track and other creditors were insisting on restitution for his bad checks. He had exhausted sources to finance his gambling habit and he was literally "flat broke." Fortunately, his family persuaded him to join Gamblers Anonymous, and since then some semblance of order has returned to his life. He has not placed a bet since the end of 1975, and he is gradually repaying the debts he incurred from his gambling days. During 1975 the petitioner was *253 living in what he termed a "dream world," concerned with gambling and nothing else. He kept no records of any of his wegering transactions for 1975. He received two Form 1099's reflecting race track winnings of $11,267.70 in 1975, yet he reported neither income nor losses from gambling on his Federal income tax return for that year. He also received some winnings not reflected on the Form 1099's, but he has no idea as to their amount. In his notice of deficiency dated April 11, 1979, respondent determined that the petitioner received additional income in the amount of the winnings ($11,267.70) reported on the Form 1099's. No deduction for wagering losses was allowed. OPINION Section 165(d) provides that "losses from wagering transactions shall be allowed only to the extent of the gains from such transactions." Petitioner has the burden of proving that he did in fact sustain wagering losses. , affg. . Petitioner contends that he had gambling losses in 1975 far in excess of his winnings. To the contrary, respondent contends that the petitioner failed to report any gambling *254 winnings on his tax return; that he failed to keep and records of his gambling income and losses for 1975; that he knew gambling winnings were taxable and should have been reported; and that he has failed to carry his burden of proving the amounts of his claimed gambling losses. We agree with the respondent. Petitioner admitted that he received the gambling winnings reflected on the Form 1099's as well as other winnings, and that he did not report such amounts on his Federal income tax return. Such winnings are includable in gross income. Section 61(a); . Petitioner relies solely on his own testimony to justify his failure to report his gambling income and to carry his burden of proving that he incurred gambling losses in excess of his gambling income. His testimony, standing alone, is insufficient to sustain his burden of proof. He kept no records of gambling winnings and losses, and he was unable to even estimate the amounts. The only evidence supporting his contention that his losses exceed his winnings is his own testimony as to the various sources he used to raise money for his gambling. There is *255 no evidence as to how much money was obtained, how much was wagered, and the winnings and losses that resulted from such wagers. Alternatively, petitioner urges us to apply the Cohan rule to determine that his gambling losses exceeded his winnings. .This Court, however, has refused to make a Cohan determination where the evidence presented provides no satisfactory basis for estimating a petitioner's winnings or losses. ; , affg. per curiam . The basic requirement of a Cohan determination is that "there be sufficient evidence to satisfy the trier that atleast the amount allowed in the estimate was in fact spent or incurred for the stated purpose. Until the trier has that assurance from the record, relief to the taxpayer would be unguided largesse." . Since the petitioner has no idea as to the amount of his gambling winnings or losses, and he offered *256 no evidence to establish what they were, no foundation has been laid for application of the Cohan rule here. Therefore, we conclude that none of the claimed losses are allowable. Accordingly, we sustain the deficiency determined by the respondent. With respect to the addition to tax under section 6653(a), this Court has consistently held that the negligence penalty should be sustained where, as here, the petitioner has failed to report his gambling income and has failed to maintain adequate records of his gambling income and losses. , affg. ; , affg. . That is precisely the situation here. Our sympathy for the severity of the petitioner's past gambling mania simply would not justify our holding that he was not negligent or that he did not intentionally disregard respondent's rules and regulations.Consequently, we hold that he is liable for the addition to tax under section 6653(a). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise indicated.↩